**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Jesus Pesqueira, | No. CV-19-0047-TUC-JAS (BGM) |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Manuel J. Pesqueira's Motion for Declaration of Indigency and Eligibility for Court Appointed Counsel, Experts, Investigators and Defense Costs (Doc. 19).

"[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Id.* (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965); *see also Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) ("the district court abuses its discretion when the case is so complex that due process violations will occur absent the presence of counsel.") Further, the Court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Additionally, the rules governing habeas proceedings mandate the appointment of counsel "[i]f necessary for effective discovery . . ." or "[i]f an evidentiary hearing is warranted[.]" Rules Governing Section 2254 Cases 6(a) & 8(c); *see also Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (noting "that unless an evidentiary hearing is held, an attorney's skill . . . is largely superfluous; the district court is entitled to rely on the state court record alone."). In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court has previously explained this standard to Petitioner. *See* Order 2/12/2019 (Doc. 7). Moreover, the purpose of appointment of counsel pursuant to the Criminal Justice Act is to ensure a defendant's right to counsel as guaranteed by the Sixth Amendment. *See* Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes at § 110.10, *available at* http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-1-ss-110-defender-services-program (last visited March 2, 2018). As noted, *supra*, Petitioner has no such right to counsel in federal habeas proceedings. Furthermore, Petitioner has adequately delineated his claims and the Court required Respondents to file an Answer. *See* Order 3/15/2019 (Doc. 11). The Court will not appoint counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion for Declaration of Indigency and Eligibility for Court Appointed Counsel, Experts, Investigators and Defense Costs (Doc. 19) is DENIED without prejudice.

Dated this 31st day of July, 2019.

                                                                            Honorable Bruce G. Macdonald
                                                                            United States Magistrate Judge